[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11908

_____

D.C. Docket No. 5:04-cv-00080-CAR

RUSSELL ADKINS,

Plaintiff-Appellant,

versus

ARTHUR P. CHRISTIE,
Individually, and in his Official Capacity as
the Administrator of Houston Medical Center,
ANTHONY L. ALFORD,
Individually, and in his Official Capacity as
Executive Director for Medical Affairs of Houston Medical Center, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 17, 2012)

Before TJOFLAT and BLACK, Circuit Judges, and MOLLOY,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Donald W. Molloy, United States District Judge for the District of Montana,
sitting by designation.

Russell Adkins appeals the district court's grant of summary judgment in favor of his employer, the Hospital Authority of Houston County, Georgia, d/b/a Houston Medical Center (HMC).  Adkins brought this action in March of 2004, alleging his hospital staff privileges at HMC were unlawfully suspended and not renewed because of his race, asserting claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), as well as various state law claims.[1]  The district court granted summary judgment in favor of HMC on all of Adkins' claims.

We have reviewed the record and briefs, and have had the benefit of oral argument.  We conclude the district court did not err or abuse its discretion in its thorough and well-reasoned order granting summary judgment to HMC.

As to Adkins' claims regarding discovery disputes, HMC complied with *Adkins v. Christie*, 488 F.3d 1324 (11th Cir. 2007), and the district court did not abuse its discretion in concluding HMC did not engage in discovery abuse or act in bad faith.  Because HMC did not act in bad faith, the district court also did not abuse its discretion in declining to impose sanctions for HMC's failure to produce certain peer review documents.  Further, the district court did not impose

---

[1]Adkins sued HMC through its governing body, the Hospital Authority of Houston County, as well as the Hospital Administrator, the Chief of Staff, the Executive Director for Medical Affairs, and individual members of the Medical Executive Committee.  Adkins limits his appeal to the claims against HMC.

impractical time constraints on Adkins in responding to HMC's summary judgment motion.

Regarding his discrimination claim, Adkins did not establish a prima facie case of racial discrimination because he was unable to present evidence of a similarly situated physician outside the protected class who was treated more favorably than him. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) (setting out prima facie case of disparate treatment). While Adkins pointed to comparators who also had quality of care or administrative issues, he presented no evidence that another physician had a complaint filed with an outside accreditation agency. *See Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 & n.2 (11th Cir. 2006) (explaining this Circuit "require[s] that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.").

Lastly, the district court did not err in dismissing Adkins' claim under O.C.G.A. § 51-1-6 because he failed to respond to HMC's motion for summary judgment on this issue. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) ("[T]he onus is upon the parties to formulate

arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

**AFFIRMED.**